IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARTHA FLORES, # 30814-177, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:10-CV-2481-N (BK) |
| | § | (3:03-CR-188-N(08)) |
| UNITED STATES OF AMERICA | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3, this case was automatically referred for findings, conclusions, and recommendation.

## I.  FACTS AND PROCEDURAL HISTORY

Petitioner, a federal prisoner confined within the Bureau of Prisons, filed this *pro se* motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255.  The court did not issue process in this case pending preliminary screening.

Petitioner was convicted of conspiring to distribute cocaine and sentenced to 292 months imprisonment.  *United States v. Flores*, 3:03-CR-188-N (N.D. Tex. 2004), *affirmed,* No. 04-11414 (5th Cir. 2007).  Earlier this year, Petitioner unsuccessfully challenged her conviction in a in a motion pursuant to Federal Rule of Civil Procedure 60(b) and in a section 2255 motion.  *See Id.*, Doc. #1053 (denying Rule 60(b) motion); *Flores v. United States*, 3:10-CV-1490-N (N.D. Tex. 2010) (dismissing section 2255 motion as barred by the one-year statute of limitations), *appeal pending*, No. 10-11164.

In the instant section 2255 motion, Petitioner again seeks to challenge her conviction and sentence. She asserts the same claims alleged in the first section 2255 motion.[1]

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. *See* 28 U.S.C. §§ 2255(h) and 2244(b). In general, to raise a new claim, the petitioner must show that the successive motion is based on: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005) (*per curiam*).

Before a petitioner may file a successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the applicant makes the requisite prima facie showing. *See* 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A)-(B). In *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000), the Fifth Circuit held that section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the Fifth Circuit has granted the petitioner permission to file such a petition. *See also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

---

[1] It appears Petitioner submitted this second section 2255 motion in error. Contrary to her assertion, the November 2010 order denying Rule 60(b) relief did not direct her to file a new section 2255 motion. (Doc. #1 at 3.) Instead, it ordered the clerk to open <u>and</u> <u>close</u> a section 2255 case for statistical purposes. (*See* Doc. #1053 at 2, in 3:03-CR-188-N(08).)

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing the Court to consider the successive section 2255 motion in this case. Petitioner must obtain such an order before she can file a second section 2255 motion challenging her conviction. Therefore, this motion should be transferred to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the successive motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

SIGNED December 10, 2010.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE